IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ERIC SKIDMORE                                                          PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:25-CV-155-RPC-RP

WALMART SOUTH HAVEN MS                                                 DEFENDANT

## ORDER AND MEMORANDUM OPINION

On April 23, 2025, Eric Skidmore filed a lawsuit against Wal-Mart Stores East, LP (Walmart)—incorrectly identified as Walmart South Haven MS—in the Circuit Court of DeSoto County, Mississippi [2]. Walmart removed the case to the Northern District of Mississippi based on diversity jurisdiction [1]. Skidmore alleged that Walmart employees committed perjury, made false accusations, and that Walmart facilitated his arrest and conviction for a crime that he did not commit. Now before the Court is Walmart's Motion for Summary Judgment [16]. The Court, having reviewed the parties' respective filings and the applicable authorities, hereby GRANTS the Motion for Summary Judgment [16].

*Relevant Background*

On November 20, 2023, Skidmore was shopping at a Walmart located in Southaven, Mississippi. Skidmore used the self-checkout lane. He was on a phone call as he scanned his items. Skidmore bagged the items, placed them in his cart and walked away without paying for them. (Dkt. No. 16, Exhibit 3). According to Walmart, Skidmore was asked for his receipt by Walmart personnel as he attempted to leave the store. (Dkt. No. 17, Walmart Memorandum at 1). Skidmore could not produce the receipt, and he was charged with shoplifting. (Dkt. No. 17, Walmart Memorandum at 1). On March 13, 2024, Skidmore was convicted on the shoplifting charge. (Dkt. No. 16, Exhibit 2). He did not appeal the conviction for a trial de novo, which would have been afforded to him. *See* M.R.Cr.P. 29.1; ***Jones v. State***, 972 So. 2d 579, 580 (Miss. 2008) ("A

1

convicted defendant, although he may have pleaded guilty, may take an appeal to circuit or county court and be granted a trial de novo." (citing *Little v. Wilson*, 189 Miss. 825, 199 So. 72, 73 (1940))).

Following his criminal conviction, Skidmore filed a civil lawsuit against Walmart on April 23, 2025, proceeding as a pro se litigant. Though the allegations are vague and confusing, Skidmore argues that Walmart prosecuted him for a crime he did not commit, that a Walmart employee committed perjury at his criminal trial, and that Walmart made false accusations against him. As a result, he claims that he was humiliated and suffered from post-traumatic stress from the event. (Dkt. No. 2, Complaint). Skidmore claims that Walmart edited the surveillance video shown at trial. (Dkt. No. 2, Complaint). He states that after he left the self-checkout, he got in line at the money center to complete a money transfer. While he was in line at the money center, Skidmore says that he realized he forgot to pay for his grocery items because he was distracted by the phone call that he was on while checking out. (Dkt. No. 2, Complaint). Skidmore claims that he then went back to self-checkout to correct his mistake and was instead escorted to the security office and then arrested for shoplifting. (Dkt. No. 2, Complaint). He says that if Walmart had shown the full surveillance video, he would have been exonerated. Furthermore, Skidmore states that the experience was traumatizing, humiliating and burdensome because he was not given the chance to explain, convicted of a crime he did not commit and ordered to be on probation, pay fines and attend remedial classes. (Dkt. No. 2, Complaint).

*Standard*

Federal Rule of Civil Procedure 56 states that a motion for summary judgment shall be granted by the Court when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant

"bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." ***Jones v. United States***, 936 F.3d 318, 321 (5th Cir. 2019) (alteration in original) (quotation mark omitted) (quoting ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "'[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence,' which 'shift[s] to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" ***Stelly v. Dep't of Pub. Safety & Corr. La. State***, 149 F.4th 516, 521 (5th Cir. 2025) (alterations in original) (quoting ***Lindsey v. Sears Roebuck & Co.***, 16 F.3d 616, 618 (5th Cir. 1994)). "The non-movant cannot satisfy this burden merely by denying the allegations in the opponent's pleadings but can do so by tendering depositions, affidavits, and other competent evidence to buttress its claim." ***Id.*** (quoting ***Donaghey v. Ocean Drilling & Expl. Co.***, 974 F.2d 646, 649 (5th Cir. 1992)). "This is a case in diversity, so we apply the substantive law of [Mississippi] and the procedural rules of the federal courts." ***Jack v. Evonik Corp.***, 79 F.4th 547, 555 (5th Cir. 2023) (citing ***Cates v. Sears Roebuck & Co.***, 928 F.2d 679, 687 (5th Cir. 1991)).

*Discussion*

At the outset, the Court notes that Skidmore makes vague legal allegations in his complaint [2] and various correspondences with the Court [21]/ [22]. It is not completely clear what claims he is attempting to bring against Walmart. However, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" ***Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting ***Estelle v. Gamble***, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Therefore, the Court construes Skidmore's allegations to include

3

the following: malicious prosecution, perjury and false accusations, false arrest, and abuse of process.[1]

## I.     Malicious Prosecution

To successfully bring a claim of malicious prosecution in Mississippi, a plaintiff must show:

> (1) the institution of a criminal proceeding; (2) by, or at the insistence of the defendant; (3) the termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) the suffering of injury or damage as a result of the prosecution.

*Brabham v. O'Reilly Auto., Inc.*, 274 F. App'x 373, 376 (5th Cir. 2008) (citing *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001)).

Skidmore alleges in his complaint that he was arrested and convicted for shoplifting—a crime that he did not commit. He argues that Walmart only showed portions of the surveillance video to obtain a conviction and that he was not given access to the full surveillance video. Skidmore states that Walmart lied during the trial to get a conviction. (Dkt. No. 21). According to Skidmore, if the full video had been shown at trial, he would not have been convicted since he claims he went back to try and pay for his items and that he never attempted to leave the store without paying. (Dkt. No. 20, 21).

Walmart disputes these claims and argues that Skidmore has failed to show several essential elements of malicious prosecution. The Court agrees. Following a trial, Skidmore was convicted of shoplifting on March 13, 2024. (Dkt. No. 16, Exhibit 2). Therefore, Skidmore cannot

---

[1] Walmart argues that, although unclear, Skidmore makes a claim of defamation based on his allegations that his arrest and conviction caused him trauma and humiliation. (Dkt. No. 17, Walmart Memorandum at 6-8). Even construing Skidmore's complaint liberally, this Court cannot identify a claim against Walmart for defamation. Even so, if Skidmore had alleged defamation, it would be barred by the applicable one-year statute of limitations. *See Dollar General Corp. v. Dobbs*, 409 So. 3d 569, 573 (Miss. 2025) (citing *Sanderson Farms, Inc. v. McCullough*, 212 So. 3d 69, 71 (Miss. 2017)).

show that the criminal proceedings were terminated in his favor. *Tyus v. Kidney Care, Inc.*, 982 F. Supp. 422, 424 (N.D. Miss. 1997). This alone precludes Skidmore's malicious prosecution claim, since favorable termination of the proceedings is a necessary element. *Id.* The Court notes that Skidmore has also failed to demonstrate a want of probable cause and malice on behalf of Walmart. *See Royal Oil Co., Inc. v. Wells*, 500 So. 2d 439, 443 (Miss. 1986) ("When a *conviction* is obtained in a lower court prosecution, whether reversed or not, a prima facie case is made that probable cause is present, in the absence of fraud, perjury or other corrupt practices."); *Tyus*, 982 F. Supp. at 424 ("If a defendant is convicted on evidence obtained by fraud, perjury, or other corrupt means, adequate post conviction remedies exist whereby the conviction may be corrected . . . . [A P]laintiff should exhaust all available post conviction remedies and secure a [favorable termination] before recovering in an action for malicious prosecution." (quoting *Pugh v. Easterling*, 367 So. 2d 935, 938 (Miss. 1979))). The failure of Walmart to believe Skidmore's version of the events does not equate to a lack of probable cause or malice.

To compound Skidmore's failings, even if the Court were to find that Skidmore met the elements, he has also brought this claim outside of the one-year statute of limitations for malicious prosecution. *See Matlock v. Bramlett*, 2021 WL 4434015, *1, 7 (S.D. Miss., Sep. 27, 2021) (citing *Univ. of Miss. Med. Ctr. v. Oliver*, 235 So. 3d 75, 82-83 (Miss. 2017)). Skidmore was convicted on March 13, 2024, and he filed his complaint on April 23, 2025—one year, one month and ten days later. Finally, Skidmore has failed to produce any competent summary judgment evidence to demonstrate a genuine issue of material fact. Therefore, Walmart is entitled to summary judgment as to Skidmore's malicious prosecution claim.

**II.     Perjury and False Accusations**

Skidmore claims that an employee of Walmart gave false testimony at his criminal trial for shoplifting. His complaint alleges that he initiated the lawsuit because a "Walmart employee committ[ed] perjury and false accusations against" him. (Dkt. No. 2). In a letter to the Court received on December 9, 2025, Skidmore alleges that the Walmart employee "committed perjury when she told the judge [that Skidmore] tried to leave . . . [the] store" without paying. (Dkt. No. 21). The Court finds that this claim is barred as well. "[T]he testimony of a witness in a criminal or civil trial cannot be the basis of a civil lawsuit. As the United States Court of Appeals for the Fifth Circuit has summarized, 'a witness who testifies at an adversarial hearing is absolutely immune from suit based upon that testimony.'" ***Knight v. R.S.***, 315 So. 3d 549, 552 (Miss. Ct. App. 2021) (quoting ***Sage v. McElveen***, No. 94-40451, 53 F.3d 1280, 1995 WL 295869 at *2 (5th Cir. 1995)). Skidmore cannot bring a civil perjury claim against Walmart for the testimony of its employee at a prior criminal trial.[2] Especially since Mississippi does not recognize a private right of action for perjury. ***Blakely v. City of Laurel***, No. 2:14-cv-82-HSO-JCG, 2015 WL 13091648 at *4 (S.D. Miss., Sep. 17, 2015); ***Knotts ex rel. Knotts v. Hassell***, 659 So. 2d 886, 889-90 (Miss. 1995). Additionally, aside from his allegation that Walmart falsely accused him of shoplifting, Skidmore fails to identify any specific false statements made by Walmart, its representatives or its employees regarding Skidmore. Therefore, Walmart is entitled to summary judgment as to Skidmore's claims of perjury and false accusations.

---

[2] Witnesses are subject to potential criminal prosecution for perjury. Miss. Code Ann. §§ 97-9-59, 97-9-61.

### III.     False Arrest

Mississippi recognizes an intentional tort for false arrest. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990). To demonstrate a claim of false arrest, Skidmore must show that Walmart caused him "to be arrested falsely, unlawfully, maliciously and without probable cause." *Croft v. Grand Casino Tunica, Inc.*, 910 So. 2d 66, 75 (Miss. Ct. App. 2005) (citing *Johnson*, 562 So. 2d at 1218). Skidmore argues that Walmart had him arrested for shoplifting, even though he tried to go back and pay for the items. Skidmore has failed to demonstrate a genuine issue of material fact as to any claim he makes for false arrest. Mere allegations are not sufficient to survive summary judgment. *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 324). Walmart submitted video surveillance that showed Skidmore walking away from the self-checkout without paying for his items. That is sufficient probable cause for an arrest for shoplifting and Skidmore has failed to rebut the video evidence with competent summary judgment evidence. As noted above in section I, Skidmore was convicted of shoplifting, which is prima facie evidence of probable cause. *Royal Oil Co.*, 500 So. 2d at 443. Additionally, false arrest is subject to a one-year statute of limitations under Mississippi Code Section 15-1-35. *Johnson*, 562 So. 2d at 1219. Skidmore filed his complaint on April 23, 2025, more than one year after his arrest on November 20, 2023, so he is barred by the statute of limitations. For these reasons, Walmart is entitled to summary judgment.

### IV.     Abuse of Process

"[T]he three elements of abuse of process are: (1) the party made an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005) (citing *McLain v. W. Side Bone & Joint Ctr.*, 656 So. 2d 119, 123 (Miss. 1995)). Skidmore does not specifically allege abuse

of process. But he does claim that, despite his protestations and explanations, Walmart had him arrested and convicted of a crime that he did not commit. He states that Walmart "lied to get a conviction[.]" (Dkt. No. 20). Skidmore has alleged that he suffered trauma and humiliation from his arrest and conviction for shoplifting. In *Goode v. Walmart*, 372 So. 3d 149, 165 (Miss. Ct. App. 2023), Goode, a pro se plaintiff, alleged abuse of process on behalf of Walmart for filing a criminal shoplifting complaint against him. The *Goode* court held that an abuse of process claim cannot be based solely upon the filing of a criminal complaint by the civil defendant. *Id.* That is not "an 'illegal' use of the legal process[.]" *Id.* Skidmore appears to argue the same thing as Goode, and he must similarly fail. Skidmore has failed to present this Court with any competent summary judgment evidence that Walmart abused the legal process or had an ulterior motive, nor has he shown evidence that he suffered damages as a result. *Stelly*, 149 F.4th at 521. Therefore, Skidmore has not met his burden of demonstrating a genuine issue of material fact. To solidify matters, abuse of process claims are subject to a one-year statute of limitations, which Skidmore has once again failed to satisfy. *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F. Supp. 2d 835, 840 (S.D. Miss. 2011). Walmart is entitled to summary judgment as to any claim that Skidmore attempts to make for abuse of process.

*Conclusion*

For the reasons set forth above, Walmart's Motion for Summary Judgment [16] is GRANTED.

SO ORDERED, this the 18th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE